NOT FOR PUBLICATION



FILED

NOV 13 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALDINE MCFADDEN, | No. 07-16971 |
| Plaintiff - Appellant, | D.C. No. CV-04-00741-ECR |
| v. | |
| GREGORY KRAUSE; NANCY PEARL; CAROLYN ROBINSON; REGIONAL TRANSPORTATION COMMISSION, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, District Judge, Presiding

Argued and Submitted October 9, 2009
San Francisco, California

Before: SCHROEDER and BERZON, Circuit Judges, and SHADUR, [**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

Geraldine McFadden appeals from the district court's entry of summary judgment against her and in favor of Regional Transportation Commission ("RTC") and individual defendants in an action that challenged her dismissal as a violation of several federal statutes. We affirm the district court.

The district court did not err in granting summary judgment on McFadden's Americans with Disabilities Act ("ADA") claim because McFadden did not establish that she was disabled within the meaning of the Act. See 42 U.S.C. § 12102(1); 29 CFR § 1630.2(g)-(l). She did not argue in the district court that an inability to drive a car constituted a disability under the ADA, so any such contention has been waived on appeal. See Raich v. Gonzales, 500 F.3d 850, 868 (9th Cir. 2007). In order to prevail on her claim that she was terminated on account of her employer's perception of her disability, she must establish that such a perception motivated her termination. See Deppe v. United Airlines, 217 F.3d 1262, 1265 (9th Cir. 2000). She has failed to establish the existence of any material issue of fact regarding RTC's motivation. The record established she was terminated on account of poor performance.

For similar reasons, McFadden has failed to establish a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. Moreover, the Supreme Court has recently held that to establish a violation of the ADEA, the

plaintiff must show that age was the "but-for" cause of the employer's adverse action. Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2351 (2009). The Supreme Court held that Title VII's burden-shifting framework does not apply in ADEA cases, because Title VII recognizes mixed motive cases and the ADEA does not. Id. at 2348-52. There is, accordingly, also no basis for recognizing a combined age/sex discrimination claim, as a different analytical framework applies to each statute.

Because the record shows McFadden's termination was motivated by performance concerns, McFadden has failed to establish a basis for claiming discrimination on account of religion. She is no longer asserting hostile work environment or failure to accommodate in connection with a claim of religious discrimination.

McFadden does argue unlawful retaliation in connection with the protected activity of filing a discrimination charge. However, RTC established the negative job reference was not based on any discriminatory animus. The delay in sending her personnel file to the Sheriff's Department and notice that it would provide only neutral information did not amount to a negative job reference in any event.

Finally, there was no violation of McFadden's substantive due process rights or any violation of procedural due process. McFadden was a probationary

employee as a result of a promotion that has not been shown to have any indication of being a sham. Nor did RTC's actions with regard to taking McFadden to see a counselor meet the high standard for establishing a violation of substantive due process. See Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998).

AFFIRMED.